IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SETH BOONE TEMPLES,

     Plaintiff,

VS.

SHIRLEY LEWIS, NURSE TARA, SGT. McWATERS, SGT. McKENNON, and SGT. COFFIELD,

     Defendants.

CIVIL ACTION FILE
NO.  7:04-CV-73(HL)

## RECOMMENDATION

Presently pending herein is a motion to dismiss filed on October 4, 2005, on behalf of the defendants McWaters, McKennon and Coffield, in which it is alleged that no service has ever been perfected upon these defendants and further that the plaintiff has failed to prosecute this claim since its inception (document # 8).  For the reasons set out below it is the RECOMMENDATION of the undersigned that this motion be DENIED**.**

Plaintiff was an inmate at Coastal State Prison in Garden City, Georgia when he signed his complaint on June 16, 2004.  This complaint was received by the Clerk of Court on June 21, 2004 (document # 2), and ordered served upon all defendants on December 20, 2004 (document # 5).  A reading of the complaint leads to the conclusion that much of it was drafted in August 2003, while plaintiff was detained at the Lowndes County Jail which is where the circumstances giving rise to this lawsuit allegedly occurred.  Plaintiff's complaints go to an alleged denial of medical treatment following his accidentally injuring himself on two occasions during August 2003.

On December 23, 2004, the Clerk of Court prepared the USM 285 - Process Receipt and Return forms for service of the complaint on the defendants by the United States Marshal (documents at # 6). In accordance with the provisions of Fed. R. Civ. P. 4(c)(2) and (d)(2) the United States Marshal then attempts to serve each defendant with a copy of the complaint and all other documents contained within the record by first class mail.  On January 18, 2005, the Process Receipt and Return form for the defendant Sgt. McWaters was returned to the Clerk of Court indicating that the defendant was no longer at the Lowndes County Jail (document # 7). A review of the electronic docket in this case reveals that no acknowledgment and waiver of service form or answer has been filed on behalf of any defendant to date.

Fed. R. Civ. P. 4(d)(2) essentially provides that when a defendant fails to execute and return to the Clerk of Court the waiver of service form indicating acceptance of service by first class mail that defendant shall bear the cost of effecting service upon him or her unless good cause for the failure be shown.

Fed. R. Civ. P. 4(c)(2) provides that when, as is the case here, a plaintiff is proceeding *in forma pauperis*  pursuant to 28 U.S.C. § 1915, the court is to required appoint the United States Marshal or his deputy or other person or officer specifically appointed by the court to effect service.  It has been the long standing order of this court that the United States Marshal is to prefect service in these instances.

Inasmuch as no defendant has yet executed and returned the waiver of service form or answered, it would appear that Fed. R. Civ. P. 4(c)(2) and (d)(2) would require the United States Marshal to attempt to effect personal service on each of the defendants with the exception of Sgt. McWaters for whom a good service address does not exist in this file at this time.  Since

personal service has not yet been attempted on the remaining defendants, the undersigned recommends denial of the motion to dismiss.

Were plaintiff represented by counsel in this matter the undersigned would recommend that the motion to dismiss be granted under these present circumstances (see Fed. R. Civ. P. 4(m)). However, plaintiff is proceeding *pro se* in addition to *in forma pauperis* and he has been in custody throughout the life of this civil action. Obviously, his freedom of mobility outside the prison walls is nonexistent. Plaintiff is instructed however that in spite of the obvious limitations caused by his incarceration he is nonetheless responsible for providing a good service address for the defendants. In this connection, if plaintiff still desires that defendant Sgt. McWaters be served he must provide an accurate service address for him. In the event plaintiff fails to provide this address within thirty (30) days of his receipt of this order the undersigned will recommend that Sgt. McWaters be dismissed.

In the event that this recommendation is adopted and made the order of the court by the United States District Judge to whom this case is assigned, the Clerk of Court is hereby directed to request that the United States Marshal perfect personal service upon the defendants who have not filed their acknowledgments of service or answers by that time. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 1st day of December 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE