IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| SETH BOONE TEMPLES, | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **7 : 04-CV-73 (HL)** |
| SHIRLEY LEWIS, et al., | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION AND ORDER**

Presently pending in this *pro se* prisoner § 1983 action are several motions.

## 1. *Plaintiff's Motion to Request a Deposition (Doc. 16)*

Plaintiff files this motion, requesting that he be allowed to give a deposition of himself. However, such is not necessary at this time, nor has one been requested by the defendants to the undersigned's knowledge. If plaintiff wishes to have his sworn testimony included in the record, then he may simply submit an affidavit or other sworn statement. This motion is **DENIED** at this time.

## 2. *Defendants' Motions to Dismiss (Doc. 29 and 31)*

Defendants McWaters, McKennon and Cofield file their motion to dismiss the complaint (Doc. 29), followed by defendant Jones filing her motion to dismiss the complaint at Doc. 31. Both motions involve the same issues, and therefore are treated the same herein.

Defendants claim that plaintiff's complaint should be dismissed because of his failure to

perfect service upon defendants until outside the statute of limitations.[1]

Plaintiff's complaints go to an alleged denial of medical treatment following his accidentally injuring himself on two occasions during August 2003. The complaint was received for filing on June 21, 2004. Service was not perfected upon defendants until January of 2006. Defendants state because service was not perfected until after the expiration of the statute of limitations, that the lawsuit should be dismissed.

The statute of limitations for filing an action under 42 U.S.C. § 1983 is determined by state law. Hardin v. Staub , 490 U.S. 536, 538 (1989). Georgia law provides for a statute of limitations of two years. O.C.G.A. § 9-3-33; see Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). However, it is the filing of the lawsuit, rather than the perfection of service, that determines whether the suit is timely filed or not. See Reynolds v. Murray, 170 Fed. Appx. 49 (11th Cir. 2006). Defendants have not submitted any authority for their theory that service upon defendants must occur within two years of the event(s) giving rise to the lawsuit.

As stated in my previous recommendation, service in *pro se in forma pauperis* prisoner cases has certain requirements. In accordance with the provisions of Fed. R. Civ. P. 4(c)(2) and (d)(2) the United States Marshal attempts to serve each defendant with a copy of the complaint and all other documents contained within the record by first class mail.

Fed. R. Civ. P. 4(d)(2) essentially provides that when a defendant fails to execute and return to the Clerk of Court the waiver of service form indicating acceptance of service by first class mail that defendant shall bear the cost of effecting service upon him or her unless good

---

[1]These defendants also filed an earlier motion to dismiss based upon failure to perfect service based upon Rule 4m of the Federal Rules of Civil Procedure; such motion was denied.

cause for the failure be shown.

Fed. R. Civ. P. 4(c)(2) provides that when, as is the case here, a plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court is to required appoint the United States Marshal or his deputy or other person or officer specifically appointed by the court to effect service. It has been the long standing order of this court that the United States Marshal is to prefect service in these instances.

The undersigned notes that the theory propounded by defendants would encourage defendants to attempt to avoid personal service in certain cases simply to be able to claim the expiration of the statute of limitations. Without further authority supporting their theory, defendants' motions must fail.

Therefore, it is RECOMMENDATION of the undersigned that defendants' motions to dismiss be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

### 3. *Plaintiff's Motion for Summary Judgment (Doc. 34)*

Plaintiff files a one-page document requesting that he be awarded monetary damages on summary judgment. This motion is premature. Additionally, plaintiff is directed to comply with the Federal Rules of Civil Procedure and the Local Rules regarding the form of the filing of a motion for summary judgment, with which plaintiff clearly has not complied. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion for summary judgment be **DENIED**.

*4. Plaintiff's Motion for an Extension of Time (Doc. 38)*

This motion appears to be a request for a general extension of time because plaintiff had been limited in the amount of time he was able to conduct legal research in the law library at the prison due to his placement in the "hole" for investigation. To the extent that plaintiff is seeking an extension of the discovery period, such motion is **GRANTED**. Plaintiff shall have an additional SIXTY (60) DAYS from the date of this order to complete discovery.

**SO ORDERED AND RECOMMENDED**, this 9th day of June, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd