IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SETH BOONE TEMPLES,

        Plaintiff,

vs.                        7:04-CV-73(HL)

SHIRLEY LEWIS,

        Defendant.

## O R D E R

Defendant Shirley Lewis has filed a Motion for Summary Judgment herein accompanied by a brief and other supporting materials. The court is required to adequately advise the plaintiff of the significance of the defendant's Motion for Summary Judgment pursuant to Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985). Therefore, in an effort to afford the plaintiff, who is proceeding *pro se*, adequate notice and time to respond to the defendant's motion, the following notice is given.

Rule 56(c) of the Federal Rules of Civil Procedure, addressing motions for summary judgment, provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Under the procedures and policies of this court, motions for summary judgment are normally

decided on briefs. The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The parties may submit their argument to this court by filing briefs in support of or briefs in opposition to said motions.

The law provides that the party against whom summary judgment is sought must be given ten (10) days notice of the summary judgment rules. In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a FINAL judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can be granted only if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot simply rely on the pleadings. Rather, in order to establish that a genuine issue of material fact exists, he must respond by filing affidavits, depositions, or other materials to persuade the court that the case must be presented to a jury for resolution. See Van T. Junkins & Assoc. v. U.S. Ind., Inc., 736 F.2d 656, 658 (11th Cir. 1984).

**FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO AND REBUT THE STATEMENTS SET FORTH IN THE DEFENDANT'S AFFIDAVIT AND/OR OTHER SWORN PLEADINGS MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS**

**THE TRUTH.** The court could grant judgment to the defendants and there would be no trial or further proceedings.

Accordingly, the plaintiff is hereby given notice of his right to file responses to the defendant's Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure **WITHIN THIRTY (30) DAYS of receipt of this order.** After the passage of thirty (30) days from the date of this order, the court will consider the defendant's Motion for Summary Judgment and any opposition to same filed by the plaintiff.

**SO ORDERED**, this 236th day of January 2007.

> */s/ Richard L. Hodge*
> RICHARD L. HODGE
> UNITED STATES MAGISTRATE JUDGE