# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

SETH BOONE TEMPLES      :
         :

            **Plaintiff,**      :
         :

**vs.**         :     **7:04-CV-73 (HL)**
         :
         :

**SHIRLEY LEWIS, et al.,**    :
         :

            **Defendants.**    :
         :

## O R D E R

Before the Court is Plaintiff's motion to reopen the time to file an appeal (doc. 77), Defendants' motions to dismiss the notice of appeal (docs. 82 & 83), and Plaintiff's motion for appointment of counsel (doc. 80) and motion to continue appeal (doc. 81). The Court will address these motions in turn.

## I.     MOTION TO REOPEN THE TIME TO FILE AN APPEAL

Except in certain circumstances,[1] a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). If the time to file a notice of appeal has expired, the district

---

[1]None of the exceptions to the thirty (30) day rule listed in Rule 4(a)(1)(A) are applicable in this case.

court may reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6).

Here, on December 17, 2007,[2] Plaintiff, a pro se inmate, filed his notice of appeal (doc. 77) of this Court's order (doc. 73) granting summary judgment to

---

[2]The clerk of court actually filed Plaintiff's notice of appeal on December 26, 2007; however, pursuant to Federal Rule of Appellate Procedure 4(c), a notice of appeal filed by an inmate is "timely if it is deposited in the institution's internal mailing system on or before the last day for filing." FED. R. APP. P. 4(c)(1). Plaintiff deposited the notice of appeal in the institution's internal mail system on December 17, 2007. Thus, for purposes of this order only, this Court will treat December 17, 2007, as the date Plaintiff filed his notice of appeal.

Defendants.  The order Plaintiff appeals from was entered on September 28, 2007, and judgment (doc. 74) was entered on October 1, 2007.  Plaintiff's notice of appeal was filed more than thirty days after the judgment he appeals from was entered, but Plaintiff does assert in his notice of appeal that he received notice of that judgment's entry more than twenty-one days after it was entered.  As a result, this Court construes Plaintiff's notice of appeal as a motion to reopen the time to file a notice of appeal.  See Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997) (holding that "when a pro se appellant alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within twenty-one days of its entry, we must treat his notice as a Rule 4(a)(6) motion and remand to the district court for a determination of whether the appellant merits an extension under that rule.").

After reviewing Plaintiff's motion, this Court finds that Plaintiff's motion to reopen must be denied because the second requirement enumerated in Rule 4(a)(6) is not met.  Plaintiff asserts in his notice of appeal that on December 4, 2007, he received notice of this Court's order granting summary judgment to Defendants.  Plaintiff's motion to reopen, however, was filed on December 17, 2007.  A district court can only reopen the time to file an appeal if the motion to reopen was filed within 180 days after the judgment or order appealed from was entered, or within seven days of receiving notice of the entry, whichever is earlier.  FED. R. APP. P. 4(a)(6)B).  In this case, judgment was entered for Defendant on October 1, 2007, and Plaintiff received notice on December 4, 2007.  Because Plaintiff received notice within 180 days after

judgment was entered, Plaintiff had to file his motion to reopen with seven days of receiving notice of its entry. Calculating the seven day time period in accordance with Federal Rule of Appellate Procedure 26(a), this Court concludes that Plaintiff had until December 13, 2007, to file his motion to reopen. Plaintiff, however, did not file his motion to reopen until December 17, 2007, and therefore, Plaintiff's motion to reopen is denied.

## II.   DEFENDANTS' MOTIONS TO DISMISS

Defendants' motion to dismiss requests that this Court dismiss Plaintiff's notice of appeal because the notice of appeal was untimely filed. Defendants' motions are denied because this Court does not have jurisdiction to dismiss Plaintiff's notice of appeal in this case. See United States v. Hitchmon, 602 F.2d 689, 692-94 (5th Cir. 1979)[3] (en banc) (holding that the district court lacks authority to grant a motion to dismiss a notice of appeal once the notice of appeal has been docketed), superseded by statute on other grounds as recognized in United States v. Martinez, 763 F.2d 1297 (11th Cir. 1985).

## III.   PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO CONTINUE APPEAL

Plaintiff's motion for appointment of counsel requests that this Court appoint

---

[3]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

counsel to represent him on appeal, and Plaintiff's motion to continue appeal requests that this Court continue his appeal until counsel is appointed to represent him. This Court does not have jurisdiction to grant such motions because Plaintiff has filed a notice of appeal. See id. at 692. Accordingly, Plaintiff's motions are denied.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reopen is denied, Defendants' motions to dismiss are denied, and Plaintiff's motion for appointment of counsel and motion to continue appeal are denied.

**SO ORDERED**, this the 9th day of January, 2008.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

dhc